1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7
8
9
10

HEIDI MALLOQUE and FELECIA
RACHNER, on behalf of themselves and all
others similarly situated,

                    Plaintiffs,

            v.

MULTICARE HEALTH SYSTEM,

                    Defendant.

Case No. C10-5437RJB

ORDER RENOTING
MOTION TO REMAND
and FOR LEAVE TO
AMEND COMPLAINT

11
12
13
14
15
16
17

        This matter comes before the Court on Plaintiffs' Motion for Remand (Dkt. 11) and Motion for

18

Leave to Amend the Complaint (Dkt. 16).  The Court has considered the motions, opposition to the

19

motions, and the file herein.

20

## I.      FACTS

21

        Plaintiffs filed this case in Pierce County, Washington Superior Court, alleging that Defendant had

22

failed to provide employees with paid rest and meal periods.  Dkt. 3.  Plaintiffs are registered nurses who

23

were Defendant's employees.  *Id.*  Plaintiffs state that they seek to represent a class of similarly situated

24

individuals.  *Id.*  Plaintiffs assert the following claims:  1) breach of contract - the parties' Collective

25

Bargaining Agreement ("CBA"), 2) violation of Washington's Wage Payment and Collection Law, RCW

26

49.48, *et seq*., and 3) unjust enrichment.  *Id.*  Plaintiffs seek declaratory relief, injunctive relief, and

27

damages.  *Id.*

28

        On June 23, 2010, Defendant removed the case on the basis of federal question jurisdiction, 28

ORDER
Page - 1

U.S.C. § 1331.  Dkt. 1.  Defendant asserts that Plaintiffs' complaint asserts a claim "for breach of the [CBA] and is therefore preempted by Section 301(a) of [Labor Management Relations Act ("LMRA")]." Dkt. 1.  Defendant further asserts that "any inquiry into the 'breach of contract' claim would require an interpretation of the [CBA], a role reserved for federal courts under Section 301."   Dkt. 1.

On July 12, 2010, Plaintiffs filed a Notice of Dismissal (Dkt. 10), dismissing their breach of contract claim, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

That same day, Plaintiffs filed a Motion to Remand, arguing that the basis for federal question jurisdiction is now absent, and the matter should be remanded.  Dkt. 11.  Plaintiffs point to *Caterpillar, Inc. v. Williams,* 482 U.S. 386 (1987), for the proposition that "a plaintiff covered by a collective-bargaining agreement is permitted to assert legal rights independent of that agreement, including state-law contract rights, so long as the contract relied upon is not a collective-bargaining agreement." *Id.*

Defendant opposes the motion, and responds by arguing that the notice dismissing the contract claim was not proper pursuant to Rule 41(a) because it had already filed an answer and did not stipulate to the dismissal.  Dkt. 15.  Defendant argues that even if the breach of contract claim is dismissed, the Complaint's remaining claims still refer to the CBA and require interpretation of the CBA.  Dkt. 15. Defendant asserts that the remaining claims are preempted by the LMRA and conclude that remand is not appropriate.  Dkt. 15.

Plaintiffs file a reply, and in that pleading move for leave to amend their Complaint.  Dkt. 16. Plaintiffs' proposed amended complaint appears to remove all reference to the parties' CBA. Dkt. 16, at 8-17.   The proposed amended complaint asserts claims for violations of Washington's Wage Payment and Collection Law, RCW 49.48, *et seq*., and for unjust enrichment.  *Id.*  They seek declaratory and injunctive relief, and damages.  *Id.*

After the Motion to Remand was ripe for decision, Defendant filed a notice of intent to file a surreply.  Dkt. 17.

## II.   DISCUSSION

Pursuant to Western District of Washington Fed. R. Civ. P. 7(d)(3), motions for leave to amend a Complaint should be noted for consideration no earlier than the third Friday after they are filed.

1    Plaintiffs here did not note their motion for leave to amend the complaint.  It was filed in a reply,

2  and so Defendant to not have an opportunity to respond.  Although Defendant filed a notice of intent to

3  file a surreply, pursuant to Local Rule 7(g), a surreply is "strictly limited" to a motion to strike materials

4  in a reply brief.  In the interest of fully and fairly considering the issues, and pursuant to Local Rule

5  7(d)(3), the motion for leave to amend the Complaint (Dkt. 16) should be renoted to August 27, 2010.

6  Responses, and replies, if any, should be filed in accord with the rules.

7    Plaintiffs' Motion to Remand is related to their Motion for Leave to Amend the Complaint.  The

8  two motions should be considered together.  Plaintiffs' Motion for Remand (Dkt. 11) should be renoted to

9  August 27, 2010.

10    Parties should further be aware that pursuant to 28 U.S.C. § 1367(c), district courts may decline to

11  exercise supplemental jurisdiction over a state law claims if (1) the claims raise novel or complex issues

12  of state law, (2) the state claims substantially predominate over the claim which the district court has

13  original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction,

14  (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.  "While

15  discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the

16  presence of one of the conditions in § 1367(c), it is informed by the values of economy, convenience,

17  fairness, and comity." *Acri v. Varian Associates, Inc*., 114 F.3d 999, 1001 (9th Cir. 1997)(*internal*

18  *citations omitted*).

19    Parties, if they so choose, may also address whether the Court should exercise supplemental

20  jurisdiction over state law claims in their Response, if any, and Reply, if any, to the Motion for Leave to

21  Amend the Complaint.

22                                   **III.    ORDER**

23    Therefore, it is hereby **ORDERED** that:

24  •    Plaintiffs' Motion for Remand (Dkt. 11) is **RENOTED** to August 27, 2010;

25  •    Plaintiffs' Motion for Leave to Amend the Complaint (Dkt. 16) is **RENOTED** to August 27,

26      2010.

27  / /

28  /

ORDER
Page - 3

- The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 10th day of August, 2010.

Robert J Bryan
United States District Judge

ORDER
Page - 4